**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KRISTY B. GUNTHER,** ) | **CASE NO. 1:12-CV-00418** |
| ) | |
| Plaintiff, ) | |
| ) | **JUDGE CHRISTOPHER A. BOYKO** |
| v. ) | |
| ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| Defendant. ) | **REPORT & RECOMMENDATION** |

Plaintiff Kristy B. Gunther ("Gunther"), through counsel Kirk B. Roose ("Roose"), filed a motion for payment of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 21.)  The Commissioner of Social Security ("Commissioner") filed a response to the motion on January 30, 2013, and Gunther replied on February 13, 2013.  (ECF Nos. 22 & 23.)  The motion for attorney fees was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  (ECF No. 25.)  For the reasons stated below, it is recommended that Gunther's motion for attorney fees (ECF No. 21) and supplemental motion for attorney fees (ECF No. 24) be GRANTED in part and DENIED in part.

**A.  Procedural History**

On December 19, 2012, Judge Boyko adopted this Court's report and recommendation that this matter be remanded for further proceedings.  (ECF No. 19.)  Gunther filed a motion for attorney fees pursuant to the EAJA requesting fees in the amount of $5,012.35 and $32.50 for expenses.  (ECF No. 21 at 3.)  This sum includes $4,792.35 for 25.8 hours of work performed by

Roose – a rate of $185.75. (ECF No. 21-1, Exh. 1) It also includes $220.00 for 4.4 hours of work performed by Roose's appellate assistant – a rate of $50 per hour. (ECF No. 21-2, Exh. 2.) After submitting a reply in response to the Commissioner's opposition, Gunther filed a supplemental motion for attorney fees requesting an additional award of $1,467.42 for fees in connection with that reply. (ECF Nos. 23 & 24.) This sum represents an additional 7.9 hours of attorney fees billed at the rate of $185.75 per hour. (ECF No. 24.).

### B. Prevailing Party Status and Substantial Justification

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004), *quoting Scarborough v. Principi*, 504 U.S. 401, 124 S.Ct. 1856, 1860 (2004); *see also* 28 U.S.C. § 2412(d)(1)(A). The party seeking attorney's fees bears the burden of proving that he is an eligible and prevailing party, while the Commissioner must prove that the government's position was "substantially justified." It is undisputed that Gunther is an eligible and prevailing party, as the Commissioner has not argued that her litigation position was substantially justified. (ECF No. 22 at 2.)

### C. Rate of Attorney Fees Requested

Under the EAJA, the amount of attorney fees awarded shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ". . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Attorney Roose requests an hourly rate of $185.75 based on the "U.S. City Average" of the All Urban Consumers CPI ("CPI–U') for "All Items" (hereinafter U.S. City Average CPI). (Doc. No. 22-4.) The Court, however, must first review Gunther's application to determine whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Courts are obligated to

prune unnecessary hours from fee petitions because, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999).

The Commissioner contends that *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009) and *Mathew-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011) are applicable. (ECF No. 22 at 3-5.) In addition, the Commissioner also cites a number of recent decisions of the Northern District of Ohio wherein upwards departures from the statutory cap were disallowed. *Id.* at 5-6. The Commissioner further asserts that Gunther failed to present any evidentiary materials that could justify a higher rate, and that Gunther's references to documentation provided in previous cases before this Court is "unduly burdensome." *Id.* at 6.

The Court finds that accessing the referenced records is not "unduly burdensome," as Gunther specifically cited previous cases wherein the exact issue was in contention and retrieving them through the Court's electronic filing system is relatively easy. In addition, the Commissioner's related argument that the Court should disregard Gunther's reply and the documents submitted therewith is not well taken. (ECF No. 22 at 7-8.) Attorney Roose indicates that he was merely trying to heed the admonition of another decision of the Court which stated that "Attorney Roose could certainly have incorporated by reference the arguments made in all his prior [EAJA] applications from the prior three months." *English v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 124085 at *17 (N.D. Ohio Aug. 31, 2012) (Adams, J.) The Court declines to punish counsel for attempting to comply with another decision's recommendations. This finding is also consistent with a recent decision from another Magistrate Judge in this district. *See Killings v. Colvin*, 1:12-CV-479, 2013 WL 1455818 (N.D. Ohio Apr. 9, 2013) ("[T]his Court rejects the Commissioner's argument that it should not consider Plaintiff's arguments that are based on the evidence attached to Reply. Contrary to the Commissioner's contention, Plaintiff's submission of this evidence does not constitute the raising of a new issue. Rather, the documents respond directly to the Commissioner's argument that Plaintiff has failed to satisfy his burden of proof.") The better practice would be for counsel

3

to include the evidentiary documents in connection with all EAJA applications. Filing the same documents electronically is not particularly burdensome. Moreover, as these materials have previously been compiled, they would not be subject to an additional EAJA award.

Returning to the Commissioner's argument that the evidentiary materials Gunther presented do not demonstrate the prevailing rates for legal services of the kind and quality rendered in Social Security cases in the Northern District of Ohio, as indicated in several earlier decisions, this Court disagrees. *See, e.g., Mohr v. Comm'r of Soc. Sec.*, 2013 WL 557176 (N.D. Ohio Feb. 12, 2013); *Vasquez v. Astrue,* 2012 WL 3637676 at *2 (N.D. Ohio, Aug. 22, 2012); *Jaworski v. Astrue,* 2012 WL 3552634 at *2 (N.D. Ohio, Aug. 12, 2012). In *Bryant*, the Sixth Circuit upheld a district court's rejection of a higher proposed rate where the plaintiff "submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." The *Bryant* Court held that such evidence was not enough, but that a plaintiff "must 'produce satisfactory evidence– in addition to the attorney's own affidavit – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 450 (citation omitted); *accord Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio, Jan. 31, 2012) (finding that a tear sheet was adequate, albeit barely, to justify an increase in the statutory rate under *Bryant*, but noting that more helpful would be "affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate.") The Commissioner cites several decisions from the Northern District of Ohio wherein it was found that the claimant had not satisfied his or her burden under *Bryant*. *DeNunez v. Comm'r of Soc. Sec.,* No. :11-cv-2285 (N.D. Ohio, Jan. 23, 2013) (Adams, J.); *Jones v. Comm'r of Soc. Sec.*, No. 1:10-cv-02568 (N.D. Ohio Sept. 11, 2012) (Nugent, J.); *Taylor v. Comm'r of Soc. Sec.*, No. 1:12-cv-293 (N.D. Ohio, July 20, 2012) (Burke, M.J.); *Darabed v. Astrue*, No. 1:10-cv-2626 (N.D. Ohio May 30, 2012) (Gwin, J.); *Williams v. Astrue*, No. 3:10-cv-2354 (N.D. Ohio May 23, 2012) (Limbert, M.J.). A recent decision by another Magistrate Judge addressed an identical argument made by the Commissioner.

However, several of the cases to which the Commissioner cites are

>
> distinguishable from this case, as Plaintiff has provided evidence in support of his request for a cost-of-living increase that those plaintiffs did not provide.  For example, in *De Nunez v. Astrue*, No. 1:11–CV–2285, 2013 WL 60429, *5 (N.D. Ohio Jan.3, 2013) (Adams, J.), "[i]n order to demonstrate the prevailing market rate," the plaintiff "provided 'The Survey of Law Office Economics, 2011 Edition,' counsel's resumes and the national CPI for legal' services."  In *Keyes v. Astrue*, No. 1:11–CV–312, 2012 WL 2498892, * 2 (N.D. Ohio June 27, 2012) (Gwin, J.), "[a]part from her insufficient reference to the Consumer Price Index," the plaintiff made "no showing that the practice at the $125 rate is commercially impracticable."  *See also Taylor v. Astrue*, No. 1:12–CV–293, 2012 WL 5465989 (N.D.Ohio Nov.8, 2012) (Gaughan, J.) (noting that the plaintiff's evidence "at best, provides average billing rates for the State of Ohio" that "are not limited to the Cleveland area (or the Northern District of Ohio) and are not specific to attorneys practicing in the social security field.  None of the other evidence submitted by plaintiff adequately addresses this issue"); *Adams v. Astrue*, NO. 5:11–CV–904, 2012 WL 3144829, * 2 (N.D.Ohio July 26, 2012 ) (Burke, Mag. J.) (In his application for attorney fees, [the plaintiff] relies on the CPI, an assertion that Newman is one of the few attorneys in Northeastern Ohio that practices social security law in the Federal District Court and an Affidavit from attorney Newman setting forth her experience and education. This is insufficient under Bryant." ).

*Killings v. Colvin*, 1:12-CV-479, 2013 WL 1455818 (N.D. Ohio Apr. 9, 2013) (Vecchiarelli, M.J.).

The *Killings* decision found all these cases materially distinguishable based on the kind and quality of the evidence submitted.  This Court agrees, and further notes that the *Williams* or *Darabed* decisions – decisions not addressed by the *Killings* – are also factually inapposite.  The Court recognizes that a division may exist in the Northern District as to what level of evidence is required to satisfy the *Bryant* standard.[1]  Nonetheless, the Court is of the opinion that Gunther has sufficiently demonstrated that an upward departure from the statutory cap is proper based on the following evidence:

(1) Declaration of Dianne R. Newman, a Social Security attorney since 1982 in the northern Ohio area. (ECF No. 23-1 at ¶5)  Seventy-five percent of her practice is in appellate Social Security law.  *Id* at ¶3.  She testified that a rate of less than $200 per hour would be lower than the prevailing rates "in the Cleveland area for similar services by lawyers of reasonably

---

[1] It bears noting that at least one decision of this Court provides that the *Bryant* decision does not require more than a reference to the CPI. *See Elson v. Commissioner of Social Security*, No. 3:11-cv-183 at n.2 (N.D Ohio, Aug. 7, 2012) (Carr, J.) ("The [*Bryant*] court did not rule that rule that as a matter of law that a judge's reliance on CPI is an abuse of discretion.  Rather, the court merely stated that the district judge did not abuse his discretion by rejecting an increase under those circumstances.")

comparable skill, experience, and reputation." *Id*. at ¶13.

(2) Affidavit of Marcia Margolius, an attorney practicing for twenty-five years primarily in Social Security law in the northern and southern districts of Ohio. (ECF No. 23-2 at ¶¶ 1-2.) She only requests $125 per hour in EAJA applications, but does so for the sake of expediency and to avoid further litigation over fees. *Id*. at ¶5. She opined that based on the kind and quality of Roose's services, the prevailing hourly rate for his services should exceed $175 to $200 per hour. *Id*. at ¶10.

(3) Declaration of Bradley J. Davis, an attorney who represented a successful social security claimant. (ECF No. 23-3 at ¶¶1-2.) He states that he requested $125 per hour in a subsequent fee application to avoid the additional time and research necessary to demonstrate a higher rate reflects the prevailing market rate. *Id*. at ¶4.

(4) The Ohio State Bar Association's profile of 2010 attorney hourly billing rates by both location and practice classification, including administrative law showing hourly rates over $125.[2] (ECF No. 23-6.)

(5) The Survey of Law Firm Economics, 2011 edition, by The National Law Journal and ALM Legal Intelligence showing the trend comparison of expenses in law firms as compared to the CPI for the relevant time period. (Doc. No. 23-5 at 9-10.) It also shows the trend comparison of average billing rates.[3] *Id*. at 11-24.

In support of the request for a rate of $185.75 per hour, Gunther has demonstrated that: (1) increases in law firm expenses in the relevant time frame have outpaced cost-of-living increases; (2) that the requested fee is less than or equal to both the average and median rates in Ohio with respect to administrative law practice; and, (3) counsel practicing in this area support that prevailing hourly rates in this field should exceed at least $200. However, as discussed immediately below, it is recommended that the requested rate should be modified.

**D.     Use of National "U.S. City Average" CPI versus "Midwest" CPI**

Attorney Roose requests an hourly rate of $185.75 based on the U.S. City Average CPI.[4]

---

[2] In the area of administrative law, the mean is $203 per hour, while the median is $180. (ECF No. 23-6 at 3.)

[3] The average hourly billing rate for an attorney in practice 21-30 years in the area of administrative law is $419, while the median is $425. (ECF No. 23-5 at 24.)

[4] Roose utilizes March 1996 as the starting date in his calculation when Congress raised the EAJA cap to $125. (ECF No. 21-4, Exh. 4.) The index for March, 1996 was 155.7. (Series Id: CUUR0000SA0, CUUS0000SA0) Utilizing the same CPI, the index for October 2012, the

6

This Court has previously held that the "Midwest Urban" CPI "is reasonable and perhaps most accurate as it represents the cost of living increase on a local basis." *See Mohr v. Comm'r of Soc. Sec.*, 2013 WL 557176 (N.D. Ohio Feb. 12, 2013), *Vasquez,* 2012 WL 3637676; *Jaworski v. Astrue,* 2012 WL 3552634; *Killings v. Comm'r of the SSA*, 2009 U.S. Dist. LEXIS 108524 (N.D. Ohio, Oct. 8, 2009). Roose asks that this Court reconsider using the Midwest urban CPI based on the finding of *Elson v. Commissioner of Social Security*, No. 3:11-cv-183 at n.2 (N.D Ohio, Aug. 7, 2012) ("Because the statutory rate is fixed for all areas of the nation, logic dictates that I use the national CPI figure to maintain the uniformity Congress intended.") (Carr, J.) However, the Court believes using the Midwest Urban CPI is more consistent with the *Bryant* decision, which observed that requested fee rates should be "in line with those ***prevailing in the community*** for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d 443, 450 (6th Cir. 2009) (emphasis added) (*quoting Blum v. Stenson*, 465 U.S. 886, 894 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *see also Killings v. Colvin*, 2013 WL 1455818 at *5 (N.D. Ohio Apr. 9, 2013) (acknowledging a split among the courts, but agreeing that "the 'Midwest' CPI appears to be the more appropriate measure of the increase in the cost of living for purposes of EAJA."); *Rodriguez v. Astrue*, 3:11–cv–00398 (N.D. Ohio, July 16, 2012) (finding the Midwest CPI more appropriate than the U.S. City Average CPI); *cf. Ralston v. Astrue*, 2011 WL 7299836 (E.D. Mich. Aug. 30, 2011) (finding that the relevant market for calculating attorneys fees for a court sitting in the eastern District of Michigan is the Detroit market and utilizing the U.S. Department of Labor's CPI–U for the Detroit–Ann Arbor–Flint area.)

Utilizing the "Midwest Urban" CPI for "All Items" for "All Urban Consumers," the

---

month Roose asserts that the most services were performed, was 231.317. *Id.* Again utilizing the same CPI, the index for the second half of 2012 was 230.338. The above CPI-U figures are from the web page of the Bureau of Labor Statistics and are not seasonally adjusted, http://data.bls.gov.

index for March of 1996 was 151.7.[5] (Series Id: CUUR0200SA0, CUUS0200SA0) The second half index for 2012 (when most of the work was performed) was 219.906. *Id.* Given these figures, the appropriate hourly rate, using $125 as a base, would be $181.20.[6]

Furthermore, the Court finds that the number of hours expended by attorneys Roose was reasonable.[7]

### E. Work Performed by a Legal Assistant and Expenses

Gunther also requests $220.00 for 4.4 hours of work performed by Roose's appellate assistant – a rate of $50 per hour. (ECF No. 21-2, Exh. 2.)

The Commissioner asserts that the assistant's time reviewing emails should not be compensated, and that her rate of compensation should be limited to $40 per hour for 3.2 hours of legal assistant work. (ECF No. 22 at 8-10.) Courts in this Circuit have frequently awarded EAJA fees for the services of a paralegal or legal assistant. *See, e.g., Rhoads v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 7252 (W.D. Mich., Jan. 6, 2012) ("Plaintiff is also entitled to recover the reasonable cost for legal assistant or paralegal services."); *Gilbert v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 71809 (E.D. Mich., May 23, 2012). However, "purely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *accord Snyder v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 2077 (S.D. Ohio, Jan. 10, 2011). "Notwithstanding the prohibition against compensation for secretarial or overhead costs, work done by non-attorneys such as paralegals or law clerks, may be compensable under the EAJA if the work is 'sufficiently complex' or work 'traditionally performed by attorneys.'" *Snyder*, 2011 U.S. Dist. LEXIS 2077 at **4-5.

---

[5] The above figures are also from the web page of the Bureau of Labor Statistics and are not seasonally adjusted, http://data.bls.gov.

[6] 151.7 is to 219.906, as $125 is to x, resulting in x equaling $181.20.

[7] Notably, the Commissioner did not object to the number of hours Gunther's counsel expended, agreeing that Roose should be compensated for 25.8 hours of attorney work, but only at $125 per hour. (ECF No. 22 at 10.)

8

A review of the tasks performed by Roose's appellate assistant include reviewing emails from the Court and monitoring the docket, filing/editing briefs, and preparing the complaint – work traditionally performed by attorneys. "Excluding compensation for work done by paralegals or law clerks would be counterproductive because excluding reimbursement for such work might encourage attorneys to handle entire cases themselves, thereby achieving the same results at a higher overall cost." *Id*. For these reasons, the Court finds the 4.4 hours of work by the administrative assistant reasonable. However, as previously found by the Court, the $50 hourly rate is rejected. This Court has recently approved $40 per hour for the same administrative assistant in *Jaworski*, *Vasquez*, and *Mohr*. The Court, therefore, recommends that the motion be granted with respect to the 4.4 hours of work expended by Roose's appellate assistant, but at an hourly rate of $40 – a total of $176.00.

Finally, Roose requests $32.50 for copying/printing expenses. (Doc. No. 22-3.) The Commissioner disputes the characterization of these as "expenses" and argues that they are actually "costs." (Doc. No. 24 at 8-9.) The Commissioner asserts that the designation is not merely a matter of semantics, as "costs" are paid by the Secretary of the Treasury after certification by the Attorney general and not from agency funds. *Id*. Furthermore, the Commissioner argues that the costs of copies should not be awarded because the need for paper copies is obsolete based on the Court's electronic docket. *Id*.

The Court disagrees with the Commissioner's interpretation of the statute, as costs associated with printing and copying are only characterized as "costs" under 28 U.S.C. § 2412 and 28 U.S.C. § 1920 when they are "fees" imposed by the Court. (ECF No. 22 at 10.) The copying/printing expenses requested herein do *not* appear to be for "fees" imposed by the Court for such services. As such, they are properly characterized as "fees or other expenses" under 28 U.S.C. § 2412(d)(2)(a); *see Siuta v. Comm'r of Soc. Sec.*, 2009 WL 275732 at *5 (E.D. Mich. Feb. 5, 2009) (finding that copying charges were reasonable and necessary for the preparation of Plaintiff's case, and properly taxable under 28 U.S.C. § 2412). The Court also disagrees that such expenses were unnecessary. Though the electronic docket has rendered the need for a large number of copies obsolete, it is not unreasonable for counsel to transmit copies to his client or to

9

print a copy for editing. As such, the Court recommends an award of $32.50 for expenses.

### F. Fees Associated With Preparation of a Reply

Roose also requests an additional award of $1,467.42 for preparing the reply to the Commissioner's brief opposing the EAJA application. (ECF No. 24.) This sum represents 7.9 hours at the rate of $185.75. The time expended upon fee applications and on reply briefs in response to the Commissioner's opposition to such an application is recoverable.

> A court may compensate a claimant for the value of attorney services rendered in defending the propriety of an EAJA award, including a reply brief and supplemental application. *See Rodriguez v. Astrue*, No. 3:11-cv-398, 2012 U.S. Dist. LEXIS 98046, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012), citing *Spurlock v. Sullivan*, 790 F.Supp. 979, 982 (N.D.Cal.1992) (citing *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990)). A claimant need not prove and a court need not find a second "substantial justification" before awarding EAJA fees for the EAJA fee litigation itself. *Jean*, 496 U.S. 154, 159-160, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). "[A]n award of attorney fees under the EAJA should encompass not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting that fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee award, even if the position taken by the government in opposing the fee award is substantially justified." *Spurlock*, 790 F.Supp. at 982, citing *Jean*, 496 U.S. at 165.

*Baker v. Colvin*, 2013 U.S. Dist. LEXIS 41426 at *3 (N.D. Ohio Mar. 25, 2013). Here, it seems the Commissioner has invited this expenditure by suggesting that referencing the materials for other cases was burdensome and by raising new arguments to which opposing counsel responded. The Court finds the hours expended on the reply reasonable, but applies the Midwest Urban CPI – $181.20 hourly rate to the 7.9 hours, totaling $1,431.48.

### G. Payment

In the instant matter, Roose attached an agreement which shows that on August 13, 2009, Gunther consented to have all EAJA fees paid to counsel. (ECF No. 21-7, Exh. 7.) Attorney Roose recognizes that any fees paid belong to Gunther – not his attorney – and can be offset to satisfy preexisting debt that she may owe the United States in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). Therefore, if an award is entered and Defendant's counsel can verify that Gunther does not owe pre-existing debt subject to offset, Defendant shall direct that the award be made payable to Gunther's attorney pursuant to the EAJA assignment.

10

**H. Conclusion**

It is recommended that Gunther's Application for Attorney Fees should be granted in part and denied in part. Specifically, it is recommended that Gunther be awarded $6,106.44 for 33.7 hours of attorney work, $176.00 for the services of Roose's appellate assistant, and $32.50 for copying expenses – an aggregate sum of $6,314.94.

s/ Greg White<br>United States Magistrate Judge

Dated: April 16, 2013

**OBJECTIONS**
Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).